# Bower's Appeal.

1. A deed was made to a wife for property purchased by her whilst her husband was in the army; part of the purchase-money was paid by money borrowed from Bower, for which a judgment was recovered against the husband. The land was sold under a subsequent mortgage given by husband and wife. In distributing the balance of the proceeds, there being no clear evidence that the property had been purchased with the separate funds of the wife, it was to be treated as the husband's property. Per WOODWARD, P. J., adopted by Supreme Court.

2. The husband and wife subsequently executed a mortgage which could not claim the exemption, and the property was sold under it. *Held*, that this did not waive the exemption as to prior liens. *Id.*

3. A waiver in favor of a junior lien, leaves the property to be apportioned as if no exemption existed. *Id.*

4. As against a mortgagee the rights of the debtor are gone; but the execution of a mortgage does not amount to a waiver of exemption as against general judgment-creditors. *Id.*

5. A distribution to a mortgage, then to the defendant under the exemption laws, and the balance to prior judgments—affirmed in Supreme Court.

March 7th 1871. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. WILLIAMS, J., at Nisi Prius.

Appeal from the decree of the Court of Common Pleas of *Berks county*: To January Term 1871, No. 400½. In the distribution

[Bower's Appeal.]

of the proceeds of the sheriff's sale of the real estate of Joseph Bower.

The property was sold under a levari facias on a mortgage issued by Jane Riffert, to the use of C. Q. Korte, against Caroline Bower and Joseph Bower.

The principal question in the case was, the right of Joseph Bower to his claim under the exemption laws.

The facts in the case appear in the opinion of Woodward, P. J., approved and adopted, with a slight modification, by the Supreme Court.

The opinion is as follows :—

" The property out of which this fund has been raised was sold by the sheriff for $450. It had been purchased by Caroline Bower, wife of Joseph Bower, and conveyed to her in her own name, while her husband was absent in the army. To make up the purchase-money she had borrowed $280 of Elizabeth Bower, the amount of which, with interest, is now claimed out of the fund in court, a recovery against Joseph Bower having been had in a suit brought by Elizabeth Bower against him for the money advanced by her to Caroline Bower. * * *

" The deed to Caroline Bower was made on the 5th of August 1864. In the depositions there is some indication that her husband sent her $300 from the army. The sum of $280 which she borrowed from Elizabeth Bower, and for which she gave her note, has never been paid. There were $246.17 of this sum due on the 19th of February 1866. For the amount of it a verdict and judgment have been recovered against Joseph Bower. At the date of the sheriff's sale the liens on the property were :—

" 1. Mortgage, Joseph and Caroline Bower to August Ernst, recorded 23d January 1866 . . . . . . $ 50 00
" 2. Judgment, John S. Richards v. Joseph Bower, entered 19th February 1866 . . . . . . 40 00
" 3. Judgment, Elizabeth Bower v. Joseph Bower, entered on award 19th February 1866 . . . . . 246 17
" 4. Mortgage, Joseph and Caroline Bower to Jane Riffert, for use, recorded 25th May 1866 . . . . . 75 00

" The first point presented by the facts of this case has reference to the nature of the title which became vested by the deed to Caroline Bower. In Gamber v. Gamber, 6 Harris 366, it was said that where property is claimed by a married woman she must show by evidence that does not admit of reasonable doubt, either that she owned it at the time of her marriage, or else acquired it by gift, bequest or purchase. Raybold v. Raybold, 8 Harris 311, held that property purchased by a wife, paid for in her earnings and savings, is her husband's. He was there said to be entitled to the person and labor of the wife, and the benefits · of her industry and economy. In Gault v. Saffin and Wife, 8 Wright 307,

[Bower's Appeal.]

Judge Read said: 'It is now settled law that evidence that the wife purchased real or personal estate amounts to nothing unless it be accompanied by clear and full proof that she paid for it with her own separate funds; not that she had the means of paying, but that she in fact thus paid. This is a definite, precise and just rule.' And this rule disposes of the evidence of Mr. Mengle, who proves the receipt of some money by Caroline Bower, but states nothing to indicate its appropriation. In Baringer *v*. Stiver, 13 Wright 129, the property of a married woman, acquired after marriage, was held to be protected from her husband's creditors only where clearly shown to have been paid for by her out of her own separate estate. And Curry *v*. Bott, 3 P. F. Smith 400, was a case where a vendor conveyed to a wife for the consideration of $300, for which he took her note; he received about $80 on the note and gave it up to her. This was declared to be a purchase and not a gift of the land, and it became the property of the husband without clear and satisfactory evidence of a separate estate in the wife, which was applied to the payment of the consideration. It was held that her note, without a separate estate devoted to its payment, was not sufficient to give her the title; and that the presumption was, that the consideration was to be paid by the husband. Under these cases it seems too clear for doubt that the fund in controversy is to be treated precisely as if it had arisen from a sale of land bought by and conveyed to Joseph Bower.

"The remaining question is involved in the claim asserted on behalf of Elizabeth Bower's judgment against Joseph Bower's demand of exemption. Having executed a mortgage to Jane Riffert, against which he could not ask exemption, it is insisted that the right of Bower as against all the liens has been surrendered. Undoubtedly an express waiver in favor of a junior lien deprives the debtor of all power to participate in the distribution of a fund, and leaves it to be apportioned amongst creditors precisely as if the Exemption Law did not exist. But it would be a straining of this principle to enforce its application to the distribution of an entire fund in consequence of the implied waiver resulting from the execution of a mortgage. As against a mortgagee, the rights of a debtor are gone. But the execution of a mortgage does not amount to a waiver of all claims to exemption as against general judgment-creditors. This would seem to be settled by numerous authorities bearing not only on analogous questions, but on the very point in issue. Thus it has been held that where a defendant is indebted in a judgment for purchase-money, while exemption against that cannot be claimed, it may be asserted against other liens. And so, where of several judgments against a debtor one was executed before the Act of 1849, this fact will not preclude his claim against the others. And in Hill *v*. Johnston & Parker, 5 Casey 362, it was decided that

[Bower's Appeal.]

where a debtor's real estate is sold under a judgment on a mort gage given for the balance of purchase-money, he is entitled to the balance of the proceeds after the payment of the mortgage-debt and costs, it being less than $300, in preference to judgments obtained for debts contracted since July 4th 1849. The law was differently held by the District Court of Philadelphia, in Saving Fund v. Creighton, 3 Phila. 58, and in Dorman v. McAuley, 3 Phila. 324. But the rule of Hill v. Johnston & Parker was recognised in Shelly's Appeal, 12 Casey 373, where it was said that a debtor, although he cannot claim the benefit of the Exemption Law as against a mortgage-creditor, may nevertheless come in upon the fund, and claim $300 as against judgment-creditors. And in McAuley's Appeal, 11 Casey 209, the authority of Hill v. Johnston & Parker was also recognised.

"It was agreed on the argument that the demand by Joseph Bower for exemption was made in due time and form. In the judgment of the court, his claim should be allowed. The mortgage of Ernst, being the first lien, was not divested by the sale. The fund is to go, first, to the mortgage of Jane Riffert, for the use of Charles Q. Korte, under which the sale was made; secondly, to Joseph Bower, in satisfaction of the exemption-claim; and, thirdly, to John S. Richards, the plaintiff in the first judgment-lien. An accurate calculation has not been furnished to the court, although it is supposed these appropriations will exhaust the fund. If any balance remains after the payment of the Richards judgment, it should be applied on account of the judgment in favor of Elizabeth Bower's estate.

"The rule in favor of Jane Riffert for the use of Korte, and the rule in favor of Joseph Bower, are made absolute; and the rule in favor of the estate of Elizabeth Bower, except as to any balance that may remain after the appropriations herein directed, is discharged."

The executor of Elizabeth Bower appealed to the Supreme Court, and assigned for error :—

1. Decreeing to Jane Riffert for the use of Charles Q. Korte the amount of her mortgage.

2. Decreeing to Joseph Bower in satisfaction of the exemption-claim.

3. Decreeing to John S. Richards the balance.

4. Not decreeing to Elizabeth Bower the amount of her judgment.

*S. L. Young* and *H. Van Reed*, for appellant, cited Shelly's Appeal, 12 Casey 373; Bowyer's Appeal, 9 Harris 210; Hill *v.* Johnston, 5 Casey 363; Garret and Martin's Appeal, 8 Id. 162; Lauck's Appeal, 8 Wright 395; Pittman's Appeal, 12 Id. 315; Eberhart's Appeal, 3 Id. 509.

18 P. F. SMITH—9

[Bower's Appeal.]

*J. Ralston, A. G. Green* and *J. S. Richards,* for appellees, cited Firmstone *v.* Mack, 13 Wright 393.

The opinion of the court was delivered May 8th 1851.

PER CURIAM.—Nothing can with advantage be added to the learned opinion filed in this case. As far as there was any question of the rights of married women involved in the case, the opinion is a true exposition of them under the law. So also is it of a mortgagor, claiming exemption out of the surplus money made on a sale on a mortgage as against subsequent judgment-creditors. It affirms the right on the several authorities cited by him. We therefore affirm the distribution made, excepting in a single almost immaterial respect, to which the attention of the court below was evidently not called, as seems to be admitted by the appellant; nor is it properly assigned for error here, although we think it is nevertheless error, namely: As Richards's judgment and Elizabeth Bower's judgment against Joseph Bower, the debtor, bear date the same day, any money applicable to either, ought to have been applied *pro ratâ* to each. If this be the fact the court can make the correction.

With this modification the decree is affirmed.